UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| CHARLES T. WISE, ET AL | * | CIVIL ACTION NO. 11-0639 |
| VS. | * | MAGISTRATE JUDGE HILL |
| NEXEN PETROLEUM U.S.A., INC. | * | BY CONSENT OF THE PARTIES |

RULING ON MOTION FOR SUMMARY JUDGMENT

Pending before the Court is the Motion for Summary Judgment filed by defendant, Nexen Petroleum U.S.A., Inc. ("Nexen"), on March 22, 2012 [rec. doc. 12]. Plaintiffs, Charles T. Wise and Linda K. Wise, filed opposition. The Court held oral argument on May 16, 2012, after which I took the motion under advisement. For the following reasons, the Motion is **DENIED**.

*Background*

Plaintiff, Charles T. Wise ("Wise"), alleges that he was injured on or about April 30, 2010, while working as an instrumentation technician for Cameron Flow Control, Inc. on an offshore platform owned by Nexen. On the date of the accident, Wise went to the well panel to calibrate the subsurface safety valves. Because the hinges of the well panel door were broken, Wise had to completely remove one panel door to adjust the instruments. After adjusting the instruments and cleaning out the panel, he closed the undamaged door. He then reached to get the broken door to hang it back up on the panel. When he turned to put the door on, his foot got caught in a gap underneath the grating

step behind the well panel, causing him to fall backwards. The step had been attached to the platform with plastic tie wraps, which had broken loose.

On April 21, 2011, Wise filed a negligence action in this Court against Nexen for his personal injuries. His wife, Linda K. Wise, requested damages for loss of consortium. On March 22, 2012, Nexen filed the instant Motion for Summary Judgment on the grounds that Wise's lack of care in seeing what he should have seen caused his accident. [rec. doc. 12].

## Summary Judgment Standard

Fed. R. Civ. Proc. 56(a) provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The standard for granting summary judgment remains unchanged after the 2010 amendments. Advisory Committee Notes to Subdivision (a).

## Analysis

Nexen argues that Wise's own negligence was the sole cause of the accident at issue. Specifically, Nexen asserts that the condition of the step which caused Wise's fall was "open and obvious," and that his lack of care in seeing what he should have seen caused his injuries.

While Wise testified that he "should've seen it [the broken step]," he did not say that he actually *saw* it. (emphasis added). [rec. doc. 12, Exhibit B, p. 151]. Rather, he

2

testified that "I just didn't see that grating." [rec. doc. 12, Exhibit B, p. 98].

Wise argues that the accident was caused by two contributing factors: the broken panel door and the defective step.  The record reflects that the panel door had been broken for three years. [rec. doc. 14, Exhibit 2, p. 46].  Wise testified that he and others had reported the broken door to Nexen, but Nexen, which was responsible for the well panel, had not been repaired it. [rec. doc. 14, Exhibit 2, pp. 56, 59-61].  He stated that in order to access the panel, he had to manually remove the six-by-three-foot, 40-pound door, which created a safety hazard.  [rec. doc. 14, Exhibit 2, p. 55].

Additionally, Wise argues that the step was defective, which contributed to his accident. The step consisted of a piece of grating which was set on an angle iron directly behind the well panel. [rec. doc. 14, Exhibit 2, p. 62].  Instead of being tac-welded, bolted or fastened to the platform, the grating step was connected by plastic tie wraps.  At the time of the accident, the plastic tie wraps had broken loose, creating a gap between the step and the panel housing. [rec. doc. 14, Exhibit 2, p. 65].  He asserts that his heel was caught in this gap, causing his injuries. [rec. doc. 14, Exhibit 2, pp. 64-65, 102].  Wise testified that he had not noticed the gap prior to the accident.  [rec. doc. 14, Exhibit 2, p. 65]

The parties dispute whether Wise actually saw the gap underneath the broken step prior to his accident.  Based on the evidence of record, this fact is unclear.  Thus, the

Court finds that a genuine issue of material fact exists such as to preclude summary judgment.

### *Conclusion*

Based on the foregoing reasons, the Motion for Summary Judgment filed by Nexen is **DENIED**.

Signed May 18, 2012 at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE